# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBERT GARRETT MARBURY  :

   Petitioner  :

v  :   Civil Action No. PJM-10-626
   (Related Crim Case PJM-07-297)

UNITED STATES OF AMERICA  :

   Respondent  :

o0o

## MEMORANDUM OPINION

Pending is Respondent's Answer to Show Cause asserting that the above-captioned Motion to Vacate is untimely. Paper No. 31. Petitioner has filed a Response asserting that he is entitled to equitable tolling of the filing deadline because he is not knowledgeable in the law and his attorney was ineffective. Paper No. 35. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary.

## Background

On July 2, 2007, Petitioner was indicted for: (1) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841; (2) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841; (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841; and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Petitioner entered a guilty plea on January 4, 2008. At sentencing, the pre-sentence report's factual findings and advisory guidelines calculations (with the defendant's adjusted offense level set at 34 and a criminal history category of VI) were adopted by the Court. Petitioner was sentenced to 262 months imprisonment, the low end of the guidelines range. The judgment and commitment Order was

issued on April 30, 2008. Petitioner did not file a direct appeal. Petitioner filed his Motion to Vacate on March 12, 2010, twenty-two months after the judgment was final.

Petitioner does not deny the motion is untimely, but states he is entitled to equitable tolling of the filing deadline because his counsel failed to review the pre-sentence report and catch all of the errors before sentencing and failed to object to the sentencing score. Paper No. 35 at p. 2. In addition, Petitioner states he was led to believe that counsel was working on having the errors addressed and he did not discover that counsel was not working on his case until more than a year had passed, at which time Petitioner states he began working on his case on his own. *Id*.

## Standard of Review

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704

2

(4th Cir. 2002), *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2004). Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* __ U.S.__, 2010 WL 2346549, 12 (2010), *citing Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

**Analysis**

Petitioner has not presented sufficient evidence to justify equitable tolling of the filing limitations. His explanation that counsel was ineffective at sentencing does not serve, alone, to excuse the untimely filing of the Motion to Vacate. Absent from the pleadings is any description of Petitioner's diligence in attempting to meet the filing deadline. Rather it appears from his explanation that he simply waited too long to find out what, if anything, counsel was doing on his behalf. In addition, the Court finds that Petitioner's belief that counsel was working on an appeal but did not contact him or his family for a year was unreasonable in light of the fact that Petitioner entered into a plea agreement which included an appeal waiver.

Petitioner did not exercise due diligence and is not entitled to equitable tolling. The motion will be denied by separate order which follows.

September 7, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE